UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
JOSHUA POIRIER,                                      :
                                    Plaintiff,       :
                                                     :          **<u>OPINION AND ORDER</u>**
v.                                                   :
                                                     :          19 CV 3001 (VB)
KOHL'S DEPARTMENT STORES, INC.,                      :
                                    Defendant.       :
----------------------------------------------------------------x

<u>Briccetti, J.</u>:

Plaintiff Joshua Poirier brings this action against defendant Kohl's Department Stores, Inc., alleging defendant negligently maintained the rear parking lot at its distribution center in Wurtsboro, New York, causing plaintiff to injure his left ankle.

Now pending is defendant's motion for summary judgment.  (Doc. #39).

For the reasons set forth below, the motion is GRANTED.

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

## BACKGROUND

The parties have submitted briefs, statements of material fact, a supporting declaration, and exhibits, which together reflect the following factual background.

On May 19, 2016, at around 8:00 p.m., plaintiff, a FedEx Freight tractor trailer driver, was at defendant's distribution center in Wurtsboro.  The distribution center consists of a building that is 600,000 square feet in size and has a parking lot for its employees, as well as a parking area for both full and empty trailers.  Freight is delivered to the distribution center prior to being delivered to various Kohl's stores throughout the northeast.  Plaintiff was at the distribution center to drop off a loaded trailer and pick up empty FedEx trailers.

Plaintiff testified he dropped off a loaded trailer in front of the distribution center and then drove to the rear parking lot.  The rear parking lot has a portion covered in blacktop and a

portion covered by gravel and dirt.  The empty FedEx trailers were parked side by side on the

gravel-and-dirt section of the lot.  Plaintiff parked his tractor on the blacktop portion and walked

onto the gravel-and-dirt portion of the lot to verify the trailers he was picking up were empty.

Plaintiff testified he was walking on the gravel between two trailers to reach a device on

the tractor called the "landing gear" when the accident happened.  There was approximately two

feet of space between the two trailers, and plaintiff had to walk sideways between the "cramped

together" trailers.  (Doc. #42-7 ("Pl. Dep.") at 80).[1]  As he was walking between the trailers, he

stepped on "a chunk of blacktop or debris" with the left side of his left foot, by his pinkie toe,

which caused his ankle to "pop" and roll outward.  (Pl. Dep. at 84–85).  Plaintiff required

medical attention and was unable to return to work for a period of time.

Plaintiff testified that when the accident happened, he "initially looked down" and was

"almost certain it was a chunk of blacktop with a hole next to it."  (Pl. Dep. at 89).[2]  He testified

the object was "[r]oughly the size of a brick, like maybe three-inch by six-inch."  (Id. at 90).

Plaintiff also testified he did not recall the object's color and that although he looked down at the

object after he got hurt, he did not "examine it."  (Id.).  He said the object was in the passageway

he was walking down between the two trailers, "maybe slightly off to the edge."  (Id. at 91).

Plaintiff testified he believed, but was not sure, the object he tripped on came from the parking

---

[1]     Citations to page numbers in deposition transcripts refer to the page numbers on the top right-hand corner of each page.

[2]     In his deposition, plaintiff also variously described the object he stepped on as "[b]lacktop," "cement," (Pl. Dep. at 90), and "pavement" (Pl. Dep. at 100).  The FedEx "Manager's Injury Investigation Report," he signed on May 19, 2016, states that plaintiff "stepped on [a] rock that was in parking lot."  (Doc. #42-9 ("Incident Report") at ECF 2).  "ECF ___" refers to page numbers automatically assigned by the Court's Electronic Case Filing system.

lot because debris—that is, "[t]railer parts, rocks, blacktop, holes, garbage, pallets"—scattered the back parking lot.  (Id. at 104).

Plaintiff estimated that from when he started working for FedEx Freight to the date of the accident, he had been to defendant's distribution center more than ten times.  He said he had seen debris scattered around the parking lot on prior trips, and had verbally complained about the debris to hostlers, the third-party employees who move trailers around the property.  However, plaintiff did not complain about the debris to defendant.  Plaintiff testified "there's always debris that accumulates in certain sections" but also that "it's scattered throughout the gravel lot."  (Pl. Dep. at 125).  He did not specify where on the parking lot the debris accumulated.

According to defendant, every morning, one of defendant's employees would perform a "yard audit check."  (Doc. #42-6 ("Trischitta Dep." at 18, 34).  This process entailed walking the property to check the status of each trailer and the condition of the property.  The employee input information regarding the trailers into a database.  The information regarding the lot condition, however, was neither entered into the database nor otherwise memorialized in any record.  If there was a condition in the parking lot that needed attention, such as debris or a pothole, the employee would "take care of it" themselves if possible, and if not, they would verbally inform management, who would then address the issue by making necessary repairs or removing debris. (Id. at 28).[3]

---

[3]     Kurt Trischitta testified in his capacity as a facilities maintenance manager at the distribution center, but he did not work in that capacity on the date of the incident.  Trischitta testified this yard audit check process was "current" as of the date of his deposition on October 24, 2019.  Although neither his testimony nor other record evidence makes clear that this same audit process was implemented or followed on the date of the accident in 2016, the parties do not dispute this yard audit check process was followed on May 19, 2016.

**DISCUSSION**

I.    Standard of Review

The Court must grant a motion for summary judgment if the pleadings, discovery materials before the Court, and any affidavits show there is no genuine issue as to any material fact and it is clear the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

A fact is material when it "might affect the outcome of the suit under the governing law. . . .  Factual disputes that are irrelevant or unnecessary" are not material and thus cannot preclude summary judgment.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).[4]

A dispute about a material fact is genuine if there is sufficient evidence upon which a reasonable jury could return a verdict for the non-moving party.  See Anderson v. Liberty Lobby, Inc., 477 U.S. at 248.  The Court "is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried."  Wilson v. Nw. Mut. Ins. Co., 625 F.3d 54, 60 (2d Cir. 2010).  It is the moving party's burden to establish the absence of any genuine issue of material fact.  Zalaski v. City of Bridgeport Police Dep't, 613 F.3d 336, 340 (2d Cir. 2010).

If the non-moving party fails to make a sufficient showing on an essential element of his case on which he has the burden of proof, then summary judgment is appropriate.  Celotex Corp. v. Catrett, 477 U.S. at 322–23.  If the non-moving party submits "merely colorable" evidence, summary judgment may be granted.  Anderson v. Liberty Lobby, Inc., 477 U.S. at 249–50.  The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts, and may not rely on conclusory allegations or unsubstantiated speculation."

---

[4]    Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

Brown v. Eli Lilly & Co., 654 F.3d 347, 358 (2d Cir. 2011).  The mere existence of a scintilla of evidence in support of the non-moving party's position is likewise insufficient; there must be evidence on which the jury reasonably could find for him.  Dawson v. County of Westchester, 373 F.3d 265, 272 (2d Cir. 2004).

On summary judgment, the Court construes the facts, resolves all ambiguities, and draws all permissible factual inferences in favor of the non-moving party.  Dallas Aerospace, Inc. v. CIS Air Corp., 352 F.3d 775, 780 (2d Cir. 2003).  If there is any evidence from which a reasonable inference could be drawn in the non-movant's favor on the issue on which summary judgment is sought, summary judgment is improper.  Sec. Ins. Co. of Hartford v. Old Dominion Freight Line, Inc., 391 F.3d 77, 83 (2d Cir. 2004).

In deciding a motion for summary judgment, the Court need consider only evidence that would be admissible at trial.  Nora Beverages, Inc. v. Perrier Grp. of Am., Inc., 164 F.3d 736, 746 (2d Cir. 1998).  Accordingly, bald assertions, completely unsupported by admissible evidence, are not sufficient to overcome summary judgment.  Carey v. Crescenzi, 923 F.2d 18, 21 (2d Cir. 1991).

II.    Defendant's Burden of Proof

The parties vacillate between whether or not, at the summary judgment stage in a landowner premises liability case pending in federal court and applying New York law, a defendant must make a prima facie showing it neither created the allegedly dangerous or defective condition nor had actual or constructive notice of its existence.  In other words, the parties dispute whether defendant can meet its burden on summary judgment by pointing to an absence of evidence supporting an essential element of plaintiff's case, or whether defendant must come forward with evidence affirmatively establishing the absence of notice as a matter of

5

law.  Compare Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986) ("[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case.") with Bachrach v. Waldbaum, Inc., 261 A.D.2d 426, 426 (2d Dep't 1999) ("On a motion for summary judgment [based on] lack of notice, the defendant is required to make a prima facie showing affirmatively establishing the absence of notice as a matter of law.")

  "[T]he issue of what burden a movant for summary judgment bears when the ultimate burden of proof lies with the non-movant is procedural rather than substantive, under the distinction created by Erie R. Co. v. Tompkins, 304 U.S. 64 (1938) and its progeny, and accordingly is subject to federal rather than state law."  Tingling v. Great Atl. & Pac. Tea Co., 2003 WL 22973452, at *2 (S.D.N.Y. Dec. 17, 2003).

Accordingly, defendant does not have an affirmative burden to make a prima facie showing that it neither created the defective condition nor had actual or constructive notice of its existence.

III.    Negligence Claim

Defendant argues it is entitled to judgment as a matter of law.

The Court agrees.

A.    Applicable Law

To prevail on a negligence claim under New York law, a plaintiff must establish the defendant owed the plaintiff a duty; the defendant breached the duty; and an injury resulted from the breach.  Lerner v. Fleet Bank, N.A., 459 F.3d 273, 286 (2d Cir. 2006).

Under New York law, for a landowner to be liable in tort to a plaintiff injured as a result of an allegedly defective or dangerous condition, plaintiff must establish that a defective

condition existed, and the landowner either affirmatively created the condition or had actual or constructive notice of its existence.  Lezama v. 34-15 Parsons Blvd, LLC, 16 A.D.3d 560, 560 (2d Dep't 2005).

"A defendant has actual notice if it either created the condition or received reports of it such that it is actually aware of the existence of the particular condition that caused the fall." Bogery v. United States, 2018 WL 4265901, at *3 (S.D.N.Y. Sept. 6, 2018).

For a defendant to have constructive notice, "the defect must have been visible and apparent and must have existed for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it."  Tuthill v. United States, 270 F. Supp. 2d 395, 400 (S.D.N.Y. 2003) (citing Gordon v. Am. Museum of Nat. Hist., 67 N.Y.2d 836, 837 (1986)). "The absence of evidence demonstrating how long a condition existed prior to a plaintiff's accident constitutes a failure to establish the existence of constructive notice as a matter of law." Rivera v. Target Dep't Store, Inc., 2017 WL 2709745, at *5 (S.D.N.Y. June 22, 2017) (quoting Early v. Hilton Hotels Corp., 73 A.D.3d 559, 561 (1st Dep't 2010)).

"Alternatively, a plaintiff can establish constructive notice through evidence that the defendant was aware of an ongoing and recurring unsafe condition which regularly [or routinely] went unaddressed."  Bogery v. United States, 2018 WL 4265901, at *3 (citing O'Connor-Miele v. Barhite & Holzinger, Inc., 234 A.D.2d 106, 106–07 (1st Dep't 1996)).  Evidence of accumulation of debris in a specific location may suffice.  See O'Connor-Miele v. Barhite & Holzinger, Inc., 234 A.D.2d at 107 ("Plaintiff offered evidence that her slip and fall in the stairwell of a building owned by defendants was caused by the accumulation of debris therein, particularly of soap powder which was frequently present in the stairwell due to spillage by tenants moving from floor to floor to find an available washing machine.").

"The New York Court of Appeals has made clear, however, that a defendant's 'general awareness' of a dangerous condition on the premises is not legally sufficient to charge a defendant with constructive notice of the particular condition that caused the plaintiff's injury." Bogery v. United States, 2018 WL 4265901, at *3; Gordon v. Am. Museum of Nat. Hist., 67 N.Y.2d at 838 ("a general awareness that litter or some other dangerous condition may be present" is insufficient to establish constructive notice); Piacquadio v. Recine Realty Corp., 84 N.Y.2d 967, 969 (1994) (applying same principle to actual notice).

B.    Analysis

Neither party has clearly delineated what the dangerous or defective condition was.  Each alternately suggests it was the debris scattering the parking lot overall, or it was the specific object on the gravel-and-dirt portion of the rear parking lot in between the trailers on which plaintiff actually tripped.  However, the Court has considered both conditions and concludes plaintiff fails to adduce evidence from which a reasonable jury could find defendant had actual or constructive notice of any specific dangerous or defective condition sufficient to sustain a negligence claim.[5]

1.    Actual Notice

Plaintiff has not adduced evidence that defendant had actual notice of the object plaintiff tripped on.  The record evidence does not indicate that on May 16, 2019, or any date before, defendant received any complaints about debris on the parking lot, either generally on the lot or more specifically in the gravel-and-dirt portion of the lot where the empty trailers were stored. (See Trischitta Dep. at 23–24).  Moreover, assuming an employee conducted the daily yard audit

---

[5]    Plaintiff does not argue defendant created the allegedly dangerous or defective condition.

check on May 16, 2019, there is no record evidence that any employee uncovered a dangerous or defective condition on that date.

To the extent plaintiff argues that because there as a daily yard audit check, defendant had actual notice of the "long-standing condition" of the parking lot being "full of debris and garbage, including rocks, trailer parts, and holes" (Doc. #45 at ECF 13), such "general awareness" of the lot's condition is insufficient to establish actual notice. See Piacquadio v. Recine Realty Corp., 84 N.Y.2d at 969.

2.    Constructive Notice: Existing for Sufficient Length of Time

No record evidence indicates how long the object plaintiff tripped on existed in the spot between the trailers. Accordingly, plaintiff has failed to produce evidence from which a jury could reasonably find the condition existed for a sufficient period of time for defendant to have discovered and remedied it. See Tuthill v. United States, 270 F. Supp. 2d at 400.

3.    Constructive Notice: Recurring Condition

Finally, plaintiff has not adduced any evidence the object he tripped on was a recurrent condition that was routinely left unaddressed. There is no record evidence that objects—whether blacktop, concrete, pavement, or rocks—were found on a recurring basis in between the trailers on the gravel-and-dirt portion of the parking lot. It is true plaintiff testified the debris was scattered throughout the gravel lot. But the record shows the accident occurred on the large parking lot of a 600,000 square foot building, which had parked on it many trailers. Absent more specific evidence of where the debris accumulated on a recurrent basis, plaintiff's testimony is too general to establish there was "a dangerous condition that recurs in the same particular location." Bogery v. United States, 2018 WL 4265901, at *6. Indeed, in each of the cases plaintiff cites for this theory of constructive notice, the recurrent condition had occurred on a

9

small, specific area, such as a staircase. <u>See</u>, <u>e.g.</u>, <u>Talavera v. New York City Transit Auth.</u>, 41 A.D.3d 135, 135 (1st Dep't 2007) (recurrent condition established where plaintiff testified he regularly saw water on stairs of train subway station).

At most, the record evidence establishes defendant had a "general awareness" of debris in the back parking lot. The daily yard audit check included a procedure by which either the employee who conducted the audit or their manager would address any dangerous condition uncovered. This suggests defendant was generally aware the parking lot was scattered with debris or other possibly dangerous conditions. However, this evidence is insufficient to establish constructive notice. <u>See</u> <u>Riley v. Battery Place Car Park</u>, 210 F. App'x 76, 77 (2d Cir. 2006) (summary order) ("[U]nlike the plaintiffs in . . . other recurrent condition cases . . . who alleged the regular recurrence of hazards in distinctly identifiable areas, . . . [t]he record at most establishes that defendants had a 'general awareness' of oil leaks by parked cars on its premises, which, without more, is legally insufficient to support a finding that the owner had constructive notice of the specific oil patch that caused Riley to slip and fall.").

Moreover, because plaintiff has failed to adduce evidence there was a recurring dangerous or defective condition in a specific spot, no reasonable jury could find defendant left the specific condition unaddressed.

In short, no reasonable jury could conclude defendant had either actual or constructive notice of any specific dangerous or defective condition, and defendant is therefore entitled to judgment as a matter of law.

**CONCLUSION**

The motion for summary judgment is GRANTED.

The Clerk is instructed to terminate the motion (Doc. #39) and close this case.

Dated:  March 29, 2021
       White Plains, NY

                      SO ORDERED:

                      Vincent L. Briccetti
                      United States District Judge